IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

     v.                                                    No. 16-CV-00732-WJ-GBW
                                                         No. 10-CR-02848-WJ

JULIO MENDOZA-ACOSTA,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Julio Mendoza-Acosta's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, filed on June 27, 2016. [CV Doc. 1; CR Doc. 44]  Defendant contends that he "is serving an illegal sentence based on the Supreme Court ruling in *Johnson v. United States*," 135 S. Ct. 2551 (2015), because he "was sentenced as a Career Offender" under the United States Sentencing Guidelines (U.S.S.G.) "based on the residual clause." [CV Doc. 1 at 4; CR Doc. 44 at 4]  Because Defendant's sentence was enhanced under the career offender provision of the U.S.S.G. based on two prior felony convictions for "controlled substance offense[s]," U.S.S.G. § 4B1.2(b), rather than under the residual clause definition of a "crime of violence," U.S.S.G. § 4B1.2(a), his § 2255 motion will be dismissed with prejudice, a certificate of appealability will be denied, and judgment will be entered.

    Defendant was charged in two-count Indictment with: (1) Count 1—possession with intent

to distribute 100 kilograms and more of a mixture and substance containing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and (2) Count 2—reentry of a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b).  [CR Doc. 12]   Defendant pleaded guilty, without the benefit of a plea agreement, to both counts of the Indictment.   [CR Doc. 21]   The Probation Office prepared a Presentence Investigation Report (PSR), which determined that Defendant was a Career Offender under U.S.S.G. § 4B1.1, because he "was at least 18 years old at the time of the instant offense, the instant offense is a qualifying controlled substance felony offense, and the defendant has at least two prior controlled substance convictions."   [PSR at 7]   Specifically, the PSR determined that:

> On June 6, 1989, Julio Mendoza-Acosta was convicted of Conspiracy to Possess with Intent to Distribute 100 to 1,000 Kilograms of Marijuana, a Class B Felony punishable by up to 40 years custody, in United States District Court, District of Arizona, Tucson; Case Number CR89-0018-001-TUC-WDB.   The defendant received a sentence of 97 months, and was released from custody on January 9, 1996;
>
> Also, on August 8, 2008, the defendant was convicted of Attempt to Transport Marijuana Having a Weight of Less Than Two Pounds, a Class 4 Felony punishable by up to 3 years custody, in Cochise County Superior Court, Bisbee, Arizona, Case Number CR200000039.

[PSR at 7-8]   Because Defendant was designated as a Career Offender under § 4B1.1(a) and the offense statutory maximum was 40 years, Defendant's adjusted offense level was 34.   [PSR at 8] Defendant's adjusted offense level was reduced by three-points for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a total offense level of 31.   [PSR at 8]   Defendant's criminal history category was increased from Category IV to Category VI pursuant to § 4B1.1(b).   *See* § 4B1.1 ("A career offender's criminal history category in every case under this subsection shall be Category VI.").   A total offense level of 31 and a criminal history category of VI resulted in a guideline imprisonment range of 188 to 235 months. [PSR at 15]

On March 23, 2011, the Court accepted Defendant's guilty plea, adopted the findings in the PSR, and imposed a sentence of 210 months of imprisonment as to each Counts 1 and 2 of the Indictment, said terms to run concurrently.   [CR Doc. 30]   The Court also imposed 20 years of supervised release as to Count of 1 of the Indictment and 3 years of supervised release as to Count 2 of the Indictment, said terms to run concurrently, for a total term of 20 years of supervised release.   [CR Doc. 30]   The Court rendered judgment on Defendant's conviction and sentence on March 25, 2011.   [CR Doc. 30]

On June 27, 2016, Defendant filed the present Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, contending that the enhancement of his sentence under the career offender provision of the U.S.S.G. is unconstitutional pursuant to *Johnson*, 135 S. Ct. at 2551.   In *Johnson*, the Supreme Court considered whether the residual clause of the Armed Career Criminal Act (ACCA) violates the due process clause of the United States Constitution.   In general, the maximum term of imprisonment for a defendant convicted of being a felon in possession of a firearm is ten years.   *See* 18 U.S.C. § 924(a)(2).   "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life."   *Johnson*, 135 S.Ct. at 2555 (quoting § 924(e)(1)).   The ACCA defines a "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*

3

§ 924(e)(2)(B) (emphasis added).   The Court held that the residual clause of § 924(e)(2)(B)(ii), which is the italicized portion excerpted above, "denies fair notice to defendants and invites arbitrary enforcement by judges."   *Johnson*, 135 S. Ct. at 2557.   Therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."   *Id*. at 2563.   The United States Supreme Court has determined that Johnson's holding is retroactively applicable to cases on collateral review.   *See Welch v. United States*, 136 S. Ct. 1257 (2016).

In the present case, Defendant's sentence was not enhanced under the ACCA, but under the career-offender provision in U.S.S.G. § 4B1.1, which contains a residual clause virtually identical to the one invalidated in *Johnson*.   *See* U.S.S.G. § 4B1.2 (defining a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-- (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" (emphasis added)).   In *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015), the United States Court of Appeals for the Tenth Circuit held that "[t]he concerns about judicial inconsistency that motivated the Court in *Johnson*, lead us to conclude that the residual clause of the Guidelines is also unconstitutionally vague.   If one iteration of the clause is unconstitutionally vague, so too is the other."[1]

Notably, pursuant to *Johnson* and *Madrid*, only the *residual clause* of the ACCA and the

---

[1] The United States Court of Appeals for the Tenth Circuit has not yet determined whether *Johnson* applies retroactively on collateral review to the residual clause definition of a "crime of violence" in the U.S.S.G.   That question currently is pending before the United States Supreme Court *in Beckles v. United States*, No. 15-854.   The Court need not determine whether *Johnson* applies retroactively to the U.S.S.G., because Defendant's sentence was not enhanced under the U.S.S.G. for a "crime of violence."

4

career-offender provision of the U.S.S.G., both of which define a "violent felony" or a "crime of violence," respectively, as a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another," are unconstitutionally vague. *See* 18 U.S.C. § 924(e)(2)(B); U.S.S.G. 4B1.2(a)(2). However, Defendant's sentence was not enhanced on the basis of the definition of a "crime of violence" in the U.S.S.G., much less under the residual clause of that definition. Rather, Defendant's sentence was enhanced because he had two prior felony convictions of "a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Neither *Johnson* nor *Madrid* invalidated the definition of a "serious drug offense" under the ACCA, *see* 18 U.S.C. § 924(e)(2)(A), or the definition of a "controlled substance offense" under the career-offender provision of the U.S.S.G., *see* U.S.S.G. § 4B1.2(b). *See United States v. Turner*, 624 F. App'x 624, 626 (10th Cir. 2015) (holding that *Johnson* was inapplicable to the defendant's § 2255 motion, because the defendant "was convicted under § 924(e)(1) based on three earlier convictions for 'serious drug offense[s] under § 924(e)(2)(A)'") (unpublished). Therefore, the Court concludes that Defendant plainly is not entitled to relief and his § 2255 motion will be dismissed with prejudice.

The Court further determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Defendant has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Accordingly, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody [CV Doc. 1; CR Doc. 44] is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT COURT JUDGE